IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MARCUS RAY MCCRAE, )<br>)<br>Petitioner, pro se, )<br>)<br>v. )<br>)<br>BOYD BENNETT, Director of )<br>Prisons, )<br>)<br>Respondent. ) | **MEMORANDUM OPINION<br>AND RECOMMENDATION**<br>1:08CV565 |

This matter is before the court on Respondent's motion to dismiss (docket no. 5) for failure to exhaust available state remedies. Petitioner has not responded to the motion to dismiss.[1] Because the parties have not consented to the jurisdiction of the magistrate judge, the court must deal with the motion by way of recommendation. For the reasons discussed herein, it will be recommended that the court grant Respondent's motion and dismiss the petition.

**I. Background**

Petitioner is a state court prisoner who, on October 3, 2007, in Durham County Superior Court, pled guilty to two counts of trafficking in cocaine and one

---

[1] On September 8, 2008, the clerk served the standard *Roseboro* notice on Petitioner advising him of his response options and the consequences of a failure to respond (docket no. 7). *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

count of driving while license revoked. Petitioner was sentenced to 35-42 months imprisonment and did not appeal. Petitioner was represented at trial by Shauna McClain. On June 24, 2008, Petitioner filed a pro se petition in the North Carolina Court of Appeals seeking certiorari for a belated direct appeal. On July 3, 2008, the court denied certiorari.

Petitioner did not seek state habeas review of his current claims in the form of a motion for appropriate relief ("MAR"). Petitioner dated his pro se federal habeas application August 8, 2008, and it was file-stamped in the clerk's office on August 12, 2008. In his federal habeas petition, Petitioner contends that (1) he was denied his right to appeal when his lawyer negotiated a plea bargain with a presumptive term that waived or mooted his statutory right to appeal; and (2) he was denied effective assistance of both trial and appellate counsel because trial counsel failed to notify Petitioner that the plea bargain would waive or moot his statutory right to appeal and this waiver made Petitioner unable to appeal, depriving him of appellate counsel.

## II.  Discussion

Title 28 U.S.C. § 2254(b) bars the granting of federal habeas corpus relief unless it appears that the applicant has first exhausted the remedies available to him in state courts.  *See* 28 U.S.C. § 2254(b)(1)(A) (1996); *see also Rose v. Lundy*, 455 U.S. 509 (1982) (stating the complete exhaustion rule). If a petitioner had the right in state court to raise the issues he asserts here but failed to do so, then he has not exhausted his available state remedies.  *See* 28 U.S.C. § 2254(c). The Supreme Court has held that "[s]tate prisoners must give the state courts one full opportunity

to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A habeas petitioner must provide the state courts with a "fair opportunity" to apply controlling legal principles to the facts bearing on his constitutional claims. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 275 (1971). In 2004, the Supreme Court reaffirmed the exhaustion requirement. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies.").

Petitioner has failed to exhaust his state remedies for the claims presented. In his pro se federal habeas application form, Petitioner admits that he did not raise these claims in a post-conviction motion in state court. Because Petitioner failed to file a direct appeal, he filed a petition for certiorari in the North Carolina Court of Appeals seeking a belated appeal. Raising the federal habeas contentions for the first time in a discretionary petition to the North Carolina Court of Appeals is insufficient to properly and fully exhaust state remedies. *See Castille v. People*, 489 U.S. 346, 351 (1989) (stating that raising a claim for the first time in a discretionary petition to a state appellate court is insufficient to exhaust state remedies); *see also Felton v. Barnett*, 912 F.2d 92, 94 (4th Cir. 1990) (noting that when a court denies certiorari, it is not deciding on the merits but is simply refusing to hear the case).

3

In sum, for these reasons, Petitioner has failed to exhaust his state court remedies, and his federal habeas petition should therefore be dismissed without prejudice for him to exhaust his remedies in state court.[2]

### III. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Respondent's motion to dismiss (docket no. 5) be **GRANTED** and that the petition be **DISMISSED** without prejudice for failure to exhaust state court remedies.

_____
WALLACE W. DIXON
United States Magistrate Judge

October 23, 2008

---

[2] Respondent notes that to properly and fully exhaust state remedies on his current federal habeas claims, Petitioner must file a post-conviction MAR in the Durham County Superior Court, raising the claims presented in his habeas application. See N.C. GEN. STAT. § 15A-1415(b) (2008). If Petitioner is not satisfied with the MAR court's decision, then he must file a certiorari petition in the North Carolina Court of Appeals seeking review of the MAR order. See N.C. GEN. STAT. § 15A-1422(c)(3) (2007). Respondent notes that after completing these steps, Petitioner may return to federal court. As a practical matter, however, it appears that Petitioner is at this point now barred by the one-year statute of limitations for bringing a federal habeas petition. See Rhines v. Weber, 544 U.S. 269, 272 (2005) (noting that the filing of a petition for habeas corpus in federal court does not toll the statute of limitations for federal relief).